IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,203-01






EX PARTE BENNIE RAY ISABELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR94-186 IN THE 4TH DISTRICT COURT


FROM RUSK COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault with a deadly weapon and sentenced to sixty years' imprisonment. He did not appeal his
conviction.

 Applicant contends, inter alia (1), that his trial counsel rendered ineffective assistance because
counsel failed to advise Applicant of his right to compulsory process and his right to confront
adverse witnesses, failed to object to hearsay testimony and the denial of confrontation, failed to
move for a directed verdict when the State failed to produce the complainant at trial, and failed to
advise Applicant of his right to appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. 
Specifically, counsel shall state whether the State was unable to produce the complainant to testify
at trial, and if so, whether counsel made any attempt to secure the presence of the complainant. 
Counsel shall state whether the State presented hearsay testimony from the complainant's aunt, and
if so, whether counsel objected to the hearsay and denial of confrontation. Counsel shall state
whether he advised Applicant of his right to compulsory process, his right to confrontation, and his
right to appeal. If counsel did advise Applicant of his right to appeal, counsel shall state whether
Applicant expressed a desire to appeal, and if so, whether counsel filed a notice of appeal or sought
appointment of appellate counsel for Applicant. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make findings as to whether Applicant
was admonished of his right to appeal, and if so, whether he expressed a desire to appeal. The trial
court shall make findings as to whether notice of appeal was filed on Applicant's behalf, and as to
whether appellate counsel was appointed. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: March 27, 2013

Do not publish
1. This Court has reviewed Applicant's other claims, and determined that they are without
merit.